Justin Prato Esq, SBN 246968
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92108
Telephone: 619-886-0252
Facsimile:  619-241-8309

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER DEFRANCA,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE CHEESECAKE FACTORY RESTAURANTS INC., and TFC & CO., LLC.<br><br><br>    .<br>    Defendants. | Case No.: **'18CV2874 W    BLM**<br><br>**COMPLAINT FOR DAMAGES, INCLUDING, INTEREST AND ATTORNEY'S FEES FOR VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 AS AMENDED.**<br><br>Jury Demanded |

**COMPLAINT**

COMES NOW Plaintiff ROGER DEFRANCA (hereinafter referred to as "Plaintiff" or "Mr. Defranca") who alleges as follows:

///

///

- 1 -
Complaint

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff at all times herein mentioned was, a resident of the County of San Diego, State of California during all relevant times to this Complaint.

2. Defendant, THE CHEESECAKE FACTORY RESTAURANTS INC. is the owner or co-owner of the cheesecake factory restaurant located at Seaport Village at 789 West Harbor Drive, San Diego CA 92101.

3. Defendant, TFC & CO., LLC. is the owner or co-owner of the cheesecake factory restaurant located at Seaport Village at 789 West Harbor Drive, San Diego CA 92101.

4. Defendants, TFC & CO., LLC. and THE CHEESECAKE FACTORY RESTAURANTS INC. and hereby designated "Defendants".

5. Defendants employ over fifty (50) people at any time at various locations of restaurants owned by them, and other employees at any corporate or support offices.

6. At all times relevant to the complaint, the Plaintiff worked for the Defendants as a waiter at the cheesecake factory restaurant located at Seaport Village at 789 West Harbor Drive, San Diego CA 92101.

7. At all times relevant to the Complaint Plaintiff was over the age of Forty (40).

8. This case is filed pursuant to the Age Discrimination in Employment Act of 1967 as amended. ("AEDA"), as amended, 29 U.S.C. § 621 - 634.

9. This case it timely as the Plaintiff in this case has filed all administrative complaints within ninety (90) days of any alleged discriminatory or retaliatory actions.

10. The Plaintiff has fulfilled his obligation to pursue administrative remedies in this case as he filed all of his administrative complaints with Equal Employment Opportunity Commission ("EEOC"), which then issued a Right to Sue letter.

11. Attached to this Complaint as Exhibit A, is a true and correct copy of the Right to Sue letter that provides the Plaintiff ninety (90) days to file in Federal Court.

12. This Complaint is timely as it was filed within the ninety (90) days that was required in order to file suit.

13. At all times herein mentioned each member of the Defendant's management was using their authority as a manager or human recourses to effectuate the discrimination and harassment of the Plaintiff.

## FACTUAL SUMMARY

14. Mr. Defranca was hire by Defendants in May of 2016 to work as a waiter, serving food and drinks to guests at one of their restaurants.

15. Mr. Defranca worked at the Cheesecake Factory Restaurant located at Seaport Village at 789 West Harbor Drive, San Diego CA 92101.

16. Prior to working for Defendants, Mr. Defranca has been a waiter at various restaurants and was highly experienced.

17. Mr. Defranca first began to experience discrimination in early 2017.

18. Mr. Defranca was not provided the same level of quality shifts as younger employees, and in fact he was often referred to as "old man" by his supervisors and other members of the staff.

19. Mr. Defranca was also treated differently in the way any issues with customers were dealt with.

20. Mr. Defranca was chastised and had shifts removed due to customer issues, while other younger employees who had the same or similar complaints were not treated in this fashion.

21. Mr. Defranca was performing to an excellent level in his position as a waiter at all times he worked for the Defendant.

22. The discrimination in shifts caused Mr. Defranca to make less money in tips than his younger fellow employees.

23. Finally after having to endure this treatment for several months, Mr. DeFranca decided to take action and called Defendant's human resources hotline for discrimination called Careline.

Complaint

24. Mr. Defranca spoke to a Careline support person to complain about his treatment for age discrimination in late 2017.

25. He called the Careline several times thereafter to continue to complain about his treatment.

26. The representative from the Careline then called Mr. DeFranca's supervisor, Shawn Crane, and told Mr. Crane that Mr. DeFranca complained about his treatment.

27. Mr. Crane than sat down with Mr. DeFranca and was angry that Mr. DeFranca called the Careline.

28. Mr. Crane felt that Mr. DeFranca was trying to undermine him and clearly was displeased.

29. Despite knowing of the discrimination, Defendants did nothing to remedy it.

30. Mr. Crane was terminated in early 2018, however his replacement, Ashley Block, continued the discrimination that Mr. Defranca complained about.

31. Ms. Block was aware that Mr. Defranca had complained to the Careline.

32. Ms. Block was also much younger that Mr. Defranca and she preferred to have younger employees than Mr. Defranca.

33. Ms. Block continued to give Mr. Defranca the worst shifts, despite is experience, and would give the best shifts to younger employees.

34. Mr. Defranca complained about this to Ms. Block.

35. Ms. Block, knowing that Mr. Defranca had already complained about his previous supervisor, then fired Mr. Defranca with no explanation.

36. Mr. Defranca did not commit any misconduct or violate any policy, and was performing his job without issue at the time of his termination.

37. Mr. Defranca believes that he was terminated because of his age, as Ms. Block preferred younger employees, and because of his past complaint about EEO activity to the Careline.

38. After being wrongfully terminated, Mr. Defranca than filed for unemployment insurance.

39. The Defendants then lied to the Employment Development Department ("EDD") about the reason Mr. Defranca was terminated, making up some alleged issue with a customer.

40. The Defendants made this issue up to wrongfully try to deny Mr. Defranca his unemployment insurance and cover their discrimination.

41. Mr. Defranca had a hearing about his unemployment insurance, and the Administrative Law Judge in that case did not give any credence to Defendant's obviously made up story.

42. EDD than awarded Mr. Defranca his unemployment benefits.

43. Mr. Defranca also filed a complaint for discrimination and retaliation with the EEOC.

44. The claim was processed and a Right to Sue letter was issued giving Mr. Defranca until 12/24/2018 to file his complaint.

45. Mr. Defranca now files this complaint for discrimination and retaliation.

## FIRST CAUSE OF ACTION
[Discrimination on the basis of Age under the ADEA]

46. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

47. Plaintiff is bringing this action pursuant to the provisions of the ADEA.

48. Under the ADEA, it is illegal for an employer to discriminate against an individual on the basis of their age.

49. In order to show discrimination under the ADEA an employee must show that the employee is over the age of forty (40), the employee's employment situation is comparable to other employees, and that the employee was denied the benefits and conditions granted those other employees due to his age.

50. Based on the facts alleged, the Plaintiff was discriminated against when he was given inferior shifts due to his age.

51. Additionally, upon discovering this discrimination, Defendants did not take any action to remedy the issue.

52. Based on the facts alleged, Plaintiff can prove that his situation was comparable to other employees.

53. Based on the facts alleged, Plaintiff can prove that he was denied multiple benefits and conditions of his employment that was granted to other employees.

54. Based on the facts alleged, Plaintiff was terminated due to his disability, which is the loss of a job benefit.

55. As the Plaintiff can show the above elements of his claim, he can prove his prima facie case.

56. Additionally, as shown in the facts stated above, the Defendant did not remedy any discrimination that was reported by the Plaintiff.

57. The Defendant does not have a legitimate non-discriminatory reason to justify its actions.

58. Even if the Defendant's produce a reason for the discriminatory actions, that reason is simply pretext for discrimination.

59. Based on the facts alleged these actions constituted discrimination, to which the Plaintiff suffered damages as the proximate cause of the discrimination, and as such Plaintiff is entitled to damages as prayed for below.

## SECOND CAUSE OF ACTION
[Retaliation under the ADEA]

60. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

61. Plaintiff is bringing this action pursuant to the provisions of the ADEA.

62. Under the ADEA, it is illegal for an employer to take an adverse action against an employee who complains or otherwise asserts their rights under the ADEA.

63. A termination is an adverse action.

64. Based on the facts alleged, Plaintiff can show that he was terminated because of his call to the Careline to complain and assert his rights under the ADEA.

65. Based on the facts alleged, Plaintiff can show that he was performing his duties sufficiently, and that any alleged violations are simply a pre-text to discrimination.

66. Based on the facts alleged these actions constituted retaliation, to which the Plaintiff suffered damages as the proximate cause of retaliation, and as such Plaintiff is entitled to damages as prayed for below.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On ALL CAUSES OF ACTION:

1. For compensatory damages, including back pay, according to proof;

2. For emotional distress damages according to proof;

3. Reinstatement to his position, or alternatively, future wage damages;

4. For attorney's fees pursuant the ADEA incorporation of the remedies provision of the Fair Labor Standards Act which allows for an award of attorney's fees to the prevailing plaintiff under. 29 U.S.C. § 216(b); 626(b) (2014).

5. For costs of suit herein incurred; and

6. For such further relief as the Court deems proper.

DATED: 12/24/2018                    **PRATO & REICHMAN, APC**

                                                     __/s/ Justin Prato Esq._____
                                                     By: Justin Prato Esq..
                                                     **Prato & Reichman, APC**
                                                     Attorneys for Plaintiff
                                                     Roger Defranca

- 10 -
Complaint